UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE HUNT,

    Petitioner,

v.                                                         CASE NO. 5:12-cv-11972
                                                           HONORABLE JOHN CORBETT O'MEARA
DUNCAN MACLAREN,

    Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DISMISSING THE HABEAS PETITION WITH PREJUDICE,
DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Terrence Hunt has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges petitioner's convictions for carjacking, assault with intent to rob while armed, and two firearm offenses. Petitioner alleges that he was misidentified by the victim and is not guilty of the crimes for which he is incarcerated. Respondent Duncan Maclaren argues in a motion for summary judgment and dismissal of the petition that Petitioner failed to comply with the one-year statute of limitations and therefore is not entitled to habeas relief. The Court agrees with Respondent. Accordingly, Respondent's motion will be granted, and the habeas petition must be dismissed.

**I. BACKGROUND**

Petitioner was charged in Wayne County, Michigan with armed robbery, carjacking, felon in possession of a firearm, and possession of a firearm during the

commission of a felony (felony firearm). Petitioner proceeded to trial before a jury in Wayne County Circuit Court. On January 29, 2008, the jury acquitted him of the armed robbery charge, but found him guilty of the lesser offense of assault with intent to rob while armed, MICH. COMP. LAWS §750.89. The jury found Petitioner guilty, as charged, of carjacking, MICH. COMP. LAWS § 750.529a, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and felony firearm, MICH. COMP. LAWS § 750.227b.

The trial court sentenced Petitioner to concurrent terms of eleven years, three months to twenty years in prison for the assault and carjacking convictions and one year, eleven months to five years in prison for the felon-in-possession conviction. Petitioner received a consecutive sentence of two years in prison for the felony firearm conviction.

Petitioner appealed as of right on grounds that: (1) the trial court erred by instructing the jury on the lesser offense of assault with intent to rob while armed; (2) the trial court gave an erroneous instruction on his theory of the case, and trial counsel was ineffective for failing to object to the instruction; (3) the prosecutor made improper remarks, and trial counsel was ineffective for failing to object to the remarks; and (4) the cumulative effect of the errors deprived him of a fair trial. The Michigan Court of Appeals rejected these claims and affirmed Petitioner's convictions in an unpublished, *per curiam* opinion. *See People v. Hunt*, No. 284648 (Mich. Ct. App. May 12, 2009). On September 28, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Hunt*, 772 N.W.2d 425 (Mich. 2009) (table).

On December 5, 2011, Petitioner filed a motion for relief from judgment, which

the trial court interpreted to allege that there was insufficient evidence to identify Petitioner as the perpetrator.  The trial court found no merit in Petitioner's claim and denied his motion on March 2, 2012.

Petitioner did not appeal the trial court's decision.  Instead, he filed his habeas corpus petition in this Court on May 1, 2012.  He claims that he is not guilty, that there was no evidence at all, and that he was misidentified by the complaining witness.

## II.  DISCUSSION

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions.  *Wall v. Kholi,* __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)).  The period of limitations runs from the latest of four specified dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The limitations period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim.'" *Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a new and retroactive constitutional right or on newly discovered facts, and he is not alleging that the State created an impediment to filing a timely habeas petition. *Cf.* 28 U.S.C. §§ 2244(d)(1)(B-D). Consequently, the statute of limitations began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009).

A petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court within ninety days after entry of the judgment. Sup. Ct. R. 13.1. For petitioners who do not pursue direct review to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012).

Petitioner did not apply for a writ of certiorari in the United States Supreme Court after the Michigan Supreme Court denied leave to appeal on September 28, 2009. Therefore, his convictions became final ninety days later on December 27, 2009, when the deadline expired for seeking a writ of certiorari. The statute of limitations began to run on the following day, December 28, 2009, and it expired one year later on

4

December 28, 2010. Petitioner filed his habeas petition on May 1, 2012.

As noted above, the statute of limitations is tolled during the pendency of a properly filed motion for post-conviction relief in state court. 28 U.S.C. § 2244(d)(2). Although Petitioner filed a motion for relief from judgment in state court, he did not file the motion until December 5, 2011. By then, the limitations period had expired. The motion did not revive the limitations period or re-start the clock at zero and therefore did affect the statute of limitations. *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)); *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). The Court concludes that the habeas petition is untimely unless, for some reason, equitable tolling applies.

**B. Equitable Tolling**

The habeas statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling), *cert. denied*, __ U.S. __, 133 S. Ct. 187 (2012).

Petitioner has not demonstrated that he pursued his rights diligently or that some extraordinary circumstance prevented him from filing a timely habeas petition. He does claim to be innocent, and the Federal Court of Appeals for the Sixth Circuit has recognized that a credible claim of actual innocence may equitably toll

5

> AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577 (6th Cir.2005); *accord Perkins v. McQuiggin*, 670 F.3d 665 (6th Cir. 2012), *cert. granted*, __ U.S. __, 133 S. Ct. 527, __ L. Ed.2d __, 81 U.S.L.W. 3074 (U.S. Oct. 29, 2012) (No. 12–126). " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998). "[A] credible claim of actual innocence is extremely rare," *Souter*, 395 F.3d at 600, and so "[t]he actual innocence exception should 'remain rare' and 'only be applied in the extraordinary case.' " *Id.* at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 321, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995)).

*Bell v. Howes*, __ F.3d __, __, No. 11-1046, 2012 WL 6600364, at *5 (6th Cir. Dec. 19, 2012).

To state a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Souter*, 395 F.3d at 600 (explaining that the actual-innocence exception for time-barred claims is limited to the rare and extraordinary case in which a habeas petitioner presents a credible claim of actual innocence through the submission of new evidence which undermines the reviewing court's confidence in the outcome of the trial). The petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

Petitioner has not submitted any new evidence of actual innocence. Consequently, he is not entitled to equitable tolling of the statute of limitations on the basis of his claims that he is not guilty, that there was no evidence to support his convictions, and that the complaining witness misidentified him.

### III. CONCLUSION AND DENIAL OF A CERTIFICATE OF APPEALABILITY AND DENIAL OF LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner failed to comply with the one-year statute of limitations, and he is not entitled to equitable tolling of the limitations period. Accordingly, Respondent's motion for summary judgment and dismissal of the habeas petition (Doc. #11, filed Nov. 9, 2012) is **GRANTED**, and the habeas petition (Doc. #1, filed May 1, 2012) is **DISMISSED** with prejudice.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A habeas petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 1983)).

When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists would not find it debatable whether the Court's procedural

ruling was correct.  Nor would reasonable jurists conclude that the petition states a valid claim of the denial of a constitutional right.  The Court therefore declines to issue a certificate of appealability.

The Court also declines to grant Petitioner leave to appeal *in forma pauperis*. Although Petitioner was granted *in forma pauperis* status in this Court, an appeal could not be taken in good faith.  Therefore leave to appeal *in forma pauperis* is **DENIED** pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) (stating that a party who was permitted to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith).

                                         s/John Corbett O'Meara  
                                         United States District Judge

Date:  January 2, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 2, 2013, using the ECF system and/or ordinary mail.

                                         s/William Barkholz  
                                         Case Manager